Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Richard Joe Pruitt Jr

*Your full name*

v.

FCI morgantown, WV
warden Gomez
medical staff

*Enter above the full name of defendant(s) in this action*

FILED

SEP 2 1 2020

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

**FEDERAL CIVIL RIGHTS COMPLAINT**
(***BIVENS* ACTION**)

Civil Action No.: 1:20cv228
*(To be assigned by the Clerk of Court)*

Klech
Aloi
Williams

## I.   JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)**. The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

## II.   PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

   A.   Name of Plaintiff: Richard Joe Pruitt Jr   Inmate No.: 47304-074
        Address: PO Box 999 (LSCI Butner)
        Butner, NC 27509

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

B.  Name of Defendant: FCI Morgantown, WV
    Position: FCI
    Place of Employment: Bureau of Prisons
    Address: Greenbag Road Morgantown, WV 26507

    Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes    ☐ No

    If your answer is "YES," briefly explain: FCI Morgantown is a federal prison camp

B.1 Name of Defendant: Warden Gomez
    Position: Warden
    Place of Employment: FCI Morgantown, WV, BOP
    Address: PO Box 1000 Morgantown West Va 26507

    Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes    ☐ No

    If your answer is "YES," briefly explain: He is a warden at FCI Morgantown in West Virginia.

B.2 Name of Defendant: Medical Staff
    Position: Medical Staff
    Place of Employment: FCI Morgantown, WV, BOP
    Address: PO Box 1000 Morgantown WV 26507

    Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes    ☐ No

**Attachment A**

If your answer is "YES," briefly explain: _Medical staff at a prison._

B.3  Name of Defendant: _____
Position: _____
Place of Employment: _____
Address: _____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☐ Yes   ☐ No

If your answer is "YES," briefly explain: _____

B.4  Name of Defendant: _____
Position: _____
Place of Employment: _____
Address: _____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☐ Yes   ☐ No

If your answer is "YES," briefly explain: _____

Attachment A

B.5   Name of Defendant: _____
      Position: _____
      Place of Employment: _____
      Address: _____
      _____

      Was this Defendant acting under the authority or color of federal state
      law at the time these claims occurred?    ☐ Yes      ☐ No

      If your answer is "YES," briefly explain: _____
      _____
      _____
      _____
      _____

III.  PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: _F.P.C. Butner_____ LSCI Butner low

   A.  Is this where the events concerning your complaint took place?
       ☐ Yes      ☒ No

       If you answered "NO," where did the events occur?
       FCI Morgantown, WV

   B.  Is there a prisoner grievance procedure in the institution
       where the events occurred?      ☒ Yes      ☐ No

   C.  Did you file a grievance concerning the facts relating to this complaint in the
       prisoner grievance procedure?
       ☒ Yes      ☐ No

   D.  If your answer is "NO," explain why not: _____
       _____
       _____

   E.  If your answer is "YES," identify the administrative grievance procedure
       number(s) in which the claims raised in this complaint were addressed

Attachment A

and state the result at level one, level two, and level three. **<u>ATTACH GRIEVANCES AND RESPONSES:</u>**

LEVEL 1 _BP-10  DHo  Appeal form_

LEVEL 2 _BP-11  DHo  Appeal form_

LEVEL 3 _____

IV. <u>PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES</u>

    A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?   ☐ Yes   ☒ No

    B. If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

        1. Parties to this previous lawsuit:

            Plaintiff(s):_____

            Defendant(s):_____

        2. Court: _____
            *(If federal court, name the district; if state court, name the county)*

        3. Case Number:_____

        4. Basic Claim Made/Issues Raised: _____
            _____
            _____

        5. Name of Judge(s) to whom case was assigned:
            _____

        6. Disposition: _____
            *(For example, was the case dismissed? Appealed? Pending?)*

        7. Approximate date of filing lawsuit:_____

BP-10 Response

REGIONAL ADMINISTRATIVE REMEDY APPEAL
Part B - Response

Date Filed: July 25, 2019                         Remedy ID No.: 986622-R1

You appeal the Discipline Hearing Officer's (DHO) decision of June 20, 2019, for Conduct Disruptive to the Orderly Operation of the Institution (Code 199), most like Use of Drugs or Narcotics (Code 112). You claim you should have been charged with Possession of Tobacco (Code 331) and the DHO's decision was based on insufficient evidence. You claim the incident report was fabricated, as a medical staff member saw you and your eyes were affected by your medication. Additionally, a psychology staff member did not have a conversation with you. You allege you were the victim of retaliation by the reporting officer, and claim the incident report was fabricated. You claim his motive is based on your previous complaint for the Prison Rape Elimination Act (PREA). You request the incident report be expunged.

Program Statement 5270.09, Inmate Discipline Program, provides the DHO shall consider all evidence presented at the hearing. The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence. The DHO considered your statement. The DHO found you committed the prohibited act based on the greater weight of the evidence, which included the reporting staff member's depiction of the incident in Section 11 of the incident report. The DHO also considered the medical and psychology reviews conducted which did not note any medical or psychological reason for your behavior. The DHO accurately and adequately explained to you in Section V of the DHO report the specific evidence relied on to find you committed the prohibited act.

You do not provide, nor do we find, any evidence that the reporting staff member was arbitrary, or capricious in his reporting of the incident. It was noted you did not raise this issue at any previous stage of the discipline process.

We find the required disciplinary procedures were substantially followed, the evidence supports the DHO's findings, and the sanctions were appropriate for the offenses.

Your appeal is denied. If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in the General Counsel's Office within 30 days from the date of this response.

AUG 29 2019                              _Matthew N. Mullady_
_____                           _____
Date                                     D.J. Harmon
                                         Regional Director
                                         Mid-Atlantic Region

*BP-11 response*

Administrative Remedy No. 986622-A1
Part B - Response

You appeal the June 20, 2019, Discipline Hearing Officer's (DHO) decision regarding incident report #3251036, wherein you were found to have committed the prohibited act of Disruptive Conduct-Greatest, Code 199, most like Use of Drugs and/or Alcohol, Code 112. It is your contention you were smoking tobacco and your drug test was negative. You further allege the incident report was fabricated in retaliation for you filing a Prison Rape Elimination Act (PREA) complaint against a staff member. For relief, you request the incident report to be expunged.

Our review of the disciplinary proceedings indicates compliance with Program Statement 5270.09, Inmate Discipline Program, and we concur with the response provided by the Regional Director. The DHO's decision was based upon the evidence detailed in Section V of the DHO report. Although your drug test was negative, it was explained the chemical composition of some forms of illicit drugs cannot be detected using the methods available to the Bureau of Prisons. Also, your behavior at the time of the incident was personally observed by medical and psychology staff. It was determined your actions supported the conclusion that you were under the influence of an unknown illicit substance. We find the determination of the DHO is reasonable and supported by the evidence. Your Due Process rights were upheld during the discipline process. The sanctions imposed were commensurate to the severity level of the offense committed and in compliance with policy.

As indicated in the lower response in this Administrative Remedy cycle, you provided nor did we find any evidence to substantiate your allegation that the incident report was fabricated or written in retaliation for the filing of a PREA complaint.

Accordingly, your appeal is denied.

_11/13/19_
Date

_[signature]_
Ian Connors, Administrator
National Inmate Appeals

Attachment A

        8.     Approximate date of disposition. Attach Copies:_____

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
        ☐ Yes      ☐ No

D.    If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought.

_____
_____
_____
_____

E.    Did you exhaust available administrative remedies?
        ☒ Yes      ☐ No

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted.

*I filed a BP-10 & BP-11 Appeal Both were denied here are both responses.*

_____
_____

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

        1.     Parties to previous lawsuit:

**Attachment A**

Plaintiff(s): _____

Defendant(s): _____

2. Name and location of court and case number:

    _____
    _____
    _____

3. Grounds for dismissal:   ☐ frivolous   ☐ malicious
   ☐ failure to state a claim upon which relief may be granted

4. Approximate date of filing lawsuit: _____

5. Approximate date of disposition: _____

V.   STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the <u>facts</u> of your case. Describe what <u>each</u> defendant did to violate your constitutional rights.* **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** *Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph.* ***UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES. NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)***

CLAIM 1: I was Found Guilty of a 100 series Incident report based on assumptions not facts which is a violation of my constitutional rights as stated in Part one (1st) of the constitutional rights of prisoners

Supporting Facts: C.O Blosser was Present During my
↑
FCI morgantown, WV

All my property was confiscated and searched, my cell was searched. No drugs were found. "Part 1 (13a) of the constitutional rights of prisoners states staff have the burden of proof to prove any violation of prohibited acts." I passed two drug tests at Morgantown FCI and one at a lab and no drugs were found. How can I be found guilty? In the absence of such threshold offering of proof against me the DHO's decision of guilty should be overturned and the incident report expunged from my record." In section 9.1 Introduction: of the constitutional rights of prisoners it states the due process must be up held at all times." I was never given an administrative detention order stating I was under an investigation. The incident report was given to me five days after the supposed incident and 50 hours after a supposed completed investigation. Policy states staff had 24 hours to give me either a form stating I'm under investigation or an incident report. Staff didn't follow their own procedures as stated by policy in the inmate handbook. I never saw psychology for a personal evaluation, no sobriety tests was administered to me other than the urinalysis I passed, medical staff never checked my blood pressure, temperature or pulse and never shined light in my eyes to check for dialation of my pupils. I was taking Doxipan 50mg at the time of the incident. Doxipan is a psyc med. The side affects can cause dizziness, drowsiness, blurred vision and feeling confused. Doxipan can lead to low sodium levels the signs are head aches, trouble focusing, memory problems, feeling confused, weakness, seizures or change balance, signs of high or low blood pressure like very bad head aches or dizziness, passing out or change in eyesight. To lower the chance of feeling dizzy or passing out you have to rise slowly if you have been sitting or lying down and be careful going up and down stairs. I explained this at DHO as well as my staff representive... The staff had the evidence to present me with a 331 incident report but chose not too and chose to pursue a matter to the extreme without physical evidence, the whole incident report was based off of assumptions and opinions of staff. My constitutional rights as a prisoner as stated in section 1 (13a) and 9.1 Introduction were violated. My staff representive (C.O Blosser) was present throughout the DHO proceedings and witnessed my rights being violated. The DHO proceedings were via video conference. I passed all of my urinalysis tests (2 Here 1 at a lab) How can I be found guilty of this? Thank you for your time and consideration in this matter.

Sincerely,

Richard Joe Pruitt JR 47309-074

**Attachment A**

DHO Proceedings I Passed 2 urinalysis at FCI Morgantown And one at a lab but was still found Guilty on a most likely a failed drug test.

CLAIM 2: I had a medical emergency And was given No treatment I was cuffed And Placed in a holding cell on the floor. I take Psyc meds

Supporting Facts: C.O Blosser was my staff Representative During all the Proceedings

CLAIM 3: There are no camera's in the halls if a C.O called for back up claiming an inmate was unresponsive why wasn't a hand held camera brought to show what was happening

Supporting Facts: who has the most to lose here with a video if a video would of helped the CO's it would of been brought forth as evidence but when a video helps me it Disappears as if it don't exist?

CLAIM 4: 

Supporting Facts:

**Attachment A**

CLAIM 5: _____

_____
_____
_____
_____
_____

Supporting Facts: _____

_____
_____
_____
_____

VI. **INJURY**

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

I have lost 71 good Days because of this And have served sanctions that I should of Never been found Guilty of. I received No medical attention when its clear I needed it & I was unresponsive And barely Breathing which are side affects from my meds.

VII. **RELIEF**

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

I want my good Days reinstated the Incident expunged from my record And a settlement for the sanctions I've served & for the negligence of staff Due to a medical emergency I could of been harmed Due to negligence.

**Attachment A**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate. Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at **Butner LSCI** on **9/7/20**.
              (Location)               (Date)

_____
Your Signature

Attachment E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Richard Pruitt Jr

*Your full name*

v.

FCI Morgantown
Warden Gomez
Medical Staff

*Enter above the full name of defendant(s) in this action*

Civil Action No.: 1:20CV228 ~~3:20-CV-117~~

## Certificate of Service

I, Richard Pruitt (your name here), appearing *pro se*, hereby certify that I have served the foregoing Bivens action 403 U.S 388 (1971) (title of document being sent) upon the defendant(s) by depositing true copies of the same in the United States mail, postage prepaid, upon the following counsel of record for the defendant(s) on 9/7/20 (insert date here):

(List name and address of counsel for defendant(s))

_____
(sign your name)